| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, CO  80202 | DATE FILED: July 7, 2023 12:01 PM<br>FILING ID: B1B855A7BEB7F<br>CASE NUMBER: 2023CV31979 |
| BRADLEY CALEHUFF<br><br>Plaintiff,<br><br>v.<br><br>CSAA GENERAL INSURANCE COMPANY<br><br>Defendant | ▲ COURT USE ONLY ▲ |
| ATTORNEYS FOR THE PLAINTIFF:<br><br>Name:            Stephen J. Burg, Reg. No. 39789<br>                       Shane C. Fulton, Reg. No. 52212<br>Attorneys:     Plaintiff<br>Address:        Burg Simpson Eldredge Hersh & Jardine, P.C.<br>                       40 Inverness Drive East<br>                       Englewood, Colorado, 80112<br>Phone No.:    (303) 792-5595<br>Fax No.:        Declined pursuant to C.R.C.P. 5(b)<br>E-Mail:          sburg@burgsimpson.com<br>                       sfulton@burgsimpson.com | Case No.<br><br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, Plaintiff, Bradley Calehuff, by and through his counsel, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., for his Complaint and Jury Demand, states, alleges, and avers the following:

## PARTIES

1.    Plaintiff, Bradley Calehuff (hereinafter "Plaintiff"), is an adult citizen and resides at 27708 E. Ottawa Ave. Aurora, CO 80016.

2.    Defendant, CSAA General Insurance Company (hereinafter CSAA"), is a foreign insurance company licensed to do business in the State of Colorado with a principal place of business located at 450 E 96th Street, Suite 500, Indianapolis, IN 46240 and a Colorado registered agent located at 7700 E Arapahoe Road, Suite 220, Centennial, CO 80112.

## JURISDICTION AND VENUE

3.    The Constitution of the State of Colorado provides that the District Court shall be the trial Court of record with general jurisdiction and shall have original jurisdiction over all civil, probate, and criminal matters, except as otherwise provided by statute and shall have jurisdiction as may be prescribed by law under the Constitution of the State of Colorado, Article VI, Section IX.

4.    Personal jurisdiction is proper pursuant to C.R.S. § 13-1-124. The Court has personal jurisdiction over the Defendant by virtue of Defendant's operations and presence in Colorado, by its commission of tortious acts in Colorado, by its transacting business directed at Colorado, and/or by otherwise purposefully availing itself of the benefits and privileges of Colorado law by regular, continuous, and systematic contacts with Colorado.

5.    Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) because Defendant CSAA is a nonresident of Colorado, Defendant can be found in Denver County, and Denver is the county designated in the Complaint.

## GENERAL ALLEGATIONS

6.    At approximately 9:00 AM on January 7, 2022, Bradley Calehuff was traveling southbound on South Powhaton Road in Aurora, Colorado in his 2019 Dodge Ram 150.

7.    At the same time, Santos Sales was traveling westbound on East Southshore Parkway in a 2020 Kenworth T880H truck.

8.    Mr. Calehuff stopped his vehicle in front of the stop sign at the intersection of South Powhaton Road and East Southshore Parkway before proceeding through the intersection.

9.    Mr. Sales drove his truck through the intersection at approximately 42 miles per hour without stopping or applying his brakes.

10.   The commercial truck driven by Mr. Sales violently collided with the driver's side of Mr. Calehuff's vehicle (the "collision").

11.   Officer Brooke Mourey of the Colorado State Patrol determined that Mr. Sales was responsible for causing the collision and issued a citation to Mr. Sales for violation of C.R.S. 42-4-1402(1)(2)(b) – Careless Driving Resulting in Bodily Injury.

12.   As a result of the collision, Plaintiff's vehicle was destroyed and deemed a total loss.

13.   As a result of the collision, Plaintiff sustained severe injuries requiring medical care and treatment including, but not limited to, mild traumatic brain injury, lacerated spleen, and fracture of the thoracic spine.

14. After the collision, CSAA arranged to have Plaintiff's vehicle taken to John's Tow Yard for storage.

15. Prior to the collision, Defendant CSAA had issued an insurance policy to Plaintiff, Policy No. COSS213120792, which was in full effect at all relevant times (hereinafter the "policy").

16. The policy provides property damage benefits in the amount of $50,000.00.

17. Plaintiff paid a premium to Defendant CSAA in order to have $50,000.00 in property damage coverage under the policy.

18. On January 19, 2022 CSAA adjuster Kim Corsoro advised counsel for Plaintiff that adjuster Kevin Pierce had been assigned to Plaintiff's property damage claim (the "claim").

19. On January 20, 2022, Plaintiff's counsel issued a letter of representation to CSAA and requested a certified copy of the policy.

20. On January 21, 2022, Kevin Pierce advised counsel for Plaintiff that he was not assigned to the claim and that Nathan Forte had been assigned to the claim.

21. Also on January 21, 2022, counsel for Plaintiff emailed Mr. Forte regarding the status of the claim and the planned inspection of Mr. Calehuff's vehicle, which was evidence in a third-party claim between Mr. Calehuff and the at-fault driver that caused the collision.

22. A joint evidence inspection attended by representatives for Plaintiff, Mr. Sales, and Mr. Sales' employer, took place at John's Tow Yard on February 16, 2022.

23. Despite knowing that Plaintiff was represented by counsel, CSAA issued correspondence directly to Plaintiff, who was recovering from a traumatic brain injury, on February 16, 2022, stating, "If you are currently incurring fees for storage of the damaged vehicle, please note we will not pay for storage after February 25, 2022."

24. On March 7, 2022, counsel for Plaintiff left CSAA a voicemail indicating that they were awaiting final confirmation from defense counsel for the at-fault driver that there was no continuing need to preserve the vehicle as evidence in the third-party claim.

25. On March 22, 2022, CSAA again sent correspondence to Plaintiff Mr. Calehuff stating, "Per our records a letter was sent in regard to this claim with incorrect language. Please disregard any letter received from us dated February 16, 2022."

26. Despite never conducting its own inspection of Plaintiff's vehicle, and despite direct knowledge that the vehicle was evidence in a third-party tort claim, CSAA abruptly ceased paying the storage costs for Plaintiff's vehicle.

27. As a direct, proximate, and foreseeable result of CSAA's failure to pay storage fees, Plaintiff's vehicle was sold for salvage value without his knowledge.

28. After causing Plaintiff's vehicle to be disposed of without his knowledge, CSAA thereafter attempted to deny Plaintiff's property damage claim because the vehicle was no longer available for CSAA to inspect.

29. CSAA failed to promptly and reasonably investigate Plaintiff's claim, failed to reasonably evaluate all aspects of Plaintiff's claim, and failed to provide undisputed benefits owed to Plaintiff.

30. On September 21, 2022, counsel for Plaintiff sent a letter to CSAA adjuster Kim Corsoro, again requesting certified copies of the policy.

31. To date, CSAA has never provided a complete or certified copy of the policy.

32. To date, CSAA has unreasonably failed to pay all property damage benefits owed.

## FIRST CLAIM FOR RELIEF
### (Common Law Bad Faith Breach of Insurance Contract)

33. Plaintiff incorporates the allegations set forth above as though fully set forth herein.

34. Plaintiff and Defendant CSAA entered into a contract for insurance as identified herein, whereby Defendant CSAA provided property damage coverage to Plaintiff and promised to pay benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

35. Plaintiff has complied with all of his obligations under the policy.

36. Defendant CSAA acted unreasonably in failing to timely and reasonably pay the property benefits to Plaintiff, and by continuing to deny and delay payment.

37. Defendant CSAA knew that its conduct described above was unreasonable or recklessly disregarded the fact that its conduct described was unreasonable.

38. Defendant CSAA's knowing and reckless conduct, as described above, was unreasonable and violated, *inter alia*, C.R.S. § 10-3-1104(1)(h)(II), (III), (IV), (VI) (XIV).

39. Defendant CSAA has delayed, denied, and withheld benefits owed to Plaintiff and acted in bad faith by, *inter alia*:
    a. Failing to promptly investigate the collision and/or Plaintiff's property damage claim;
    b. Failing to adopt and implement reasonable standards for the prompt investigation of claims;
    c. Failing to promptly inspect Plaintiff's vehicle;

    d.  Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

    e.  Failing to accurately document information relating to Plaintiff's claim;

    f.  Continuing to communicate directly with Plaintiff despite knowledge of his legal representation and ongoing recovery from a traumatic brain injury;

    g.  Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

    h.  Failing to comply with reasonable standards in connection with the investigation, resolution and adjustment of Plaintiff's claim;

    i.  Unreasonably denying or failing to affirm coverage for the claims within a reasonable time after investigation;

    j.  Continuously and without a reasonable basis, other than pretext, disputing matters for which there was a clear obligation of payment of Plaintiff's claim;

    k.  Unreasonably and in violation of the terms of the Policies asserting a right to deny coverage based upon erroneous pre-textural determinations;

    l.  Creating artifices, pre-textural decisions, and otherwise engaging in a course of conduct designed and calculated to delay reasonable and appropriate resolution of Plaintiff's claim;

    m.  Failing to provide a complete copy of the policy despite multiple requests;

    n.  Failing to identify the adjuster assigned to handle Plaintiff's claim;

    o.  Sending Plaintiff communications containing false and/or inaccurate statements;

    p.  Denying Plaintiff's property damage claim without providing a substantive written explanation;

    q.  Offering partial payment of benefits in amounts less than the benefits owed in an attempt to induce Plaintiff to release the remainder of his claim; and

    r.  Conditioning payment of undisputed benefits upon a release.

40. Defendant CSAA knew that its conduct was unreasonable, or recklessly disregarded the fact that its conduct was unreasonable.

41. Defendant CSAA's unreasonable bad faith conduct has caused Plaintiff out-of-pocket expenses, emotional distress, and other damages and losses as described herein.

## SECOND CLAIM FOR RELIEF

(Statutory Claim for Damages For Unreasonable Delay and Denial of Benefits Under C.R.S. § 10-3-1115 and 10-3-1116)

42. Plaintiff incorporates the allegations set forth above as though fully set forth herein.

43. Plaintiff and Defendant CSAA entered into a contract for insurance as identified herein, whereby Defendant CSAA provided property damage benefits to Plaintiff and promised to pay property damage benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

44. Pursuant to C.R.S § 10-3-1115, Defendant CSAA cannot unreasonably delay or deny underinsured motorist benefits to Plaintiff.

45.    Defendant CSAA violated C.R.S. § 10-3-1115 by denying and delaying payment of property damage benefits owed to Plaintiff for the injuries, damages and losses Plaintiff suffered in the collision without a reasonable basis for its delays.

46.    Defendant CSAA acted unreasonably in its investigation and its dealings with Plaintiff.

47.    Defendant CSAA has delayed, denied, and withheld benefits owed to Plaintiff without basis and acted in bad faith by, *inter alia*:

 a. Failing to promptly investigate the collision and/or Plaintiff's property damage claim;

 b. Failing to adopt and implement reasonable standards for the prompt investigation of claims;

 c. Failing to promptly inspect Plaintiff's vehicle;

 d. Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

 e. Failing to accurately document information relating to Plaintiff's claim;

 f. Continuing to communicate directly with Plaintiff despite knowledge of his legal representation and ongoing recovery from a traumatic brain injury;

 g. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

 h. Failing to comply with reasonable standards in connection with the investigation, resolution and adjustment of Plaintiff's claim;

 i. Unreasonably denying or failing to affirm coverage for the claims within a reasonable time after investigation;

 j. Continuously and without a reasonable basis, other than pretext, disputing matters for which there was a clear obligation of payment of Plaintiff's claim;

 k. Unreasonably and in violation of the terms of the Policies asserting a right to deny coverage based upon erroneous pre-textural determinations;

 l. Creating artifices, pre-textural decisions, and otherwise engaging in a course of conduct designed and calculated to delay reasonable and appropriate resolution of Plaintiff's claim;

 m. Failing to provide a complete copy of the policy despite multiple requests;

 n. Failing to identify the adjuster assigned to handle Plaintiff's claim;

 o. Sending Plaintiff communications containing false and/or inaccurate statements;

 p. Denying Plaintiff's property damage claim without providing a substantive written explanation;

 q. Offering partial payment of benefits in amounts less than the benefits owed in an attempt to induce Plaintiff to release the remainder of his claim; and

 r. Conditioning payment of undisputed benefits upon a release.

48. Defendant CSAA's unreasonable bad faith conduct has caused Plaintiff out-of-pocket expenses, emotional distress, and other damages and losses as described herein.

49.    Pursuant to C.R.S. § 10-3-1116, Plaintiff is entitled to recover reasonable attorneys' fees, court costs and two times the covered benefits as a result of Defendant CSAA's unreasonable denial and delays.

### THIRD CLAIM FOR RELIEF
(Breach of Contract)

50.    Plaintiff incorporates the allegations set forth above as though fully set forth herein.

51.    Prior to the collision, Plaintiff entered into a contract for insurance as identified herein; whereby, Defendant CSAA provided property damage coverage to Plaintiff and promised to pay benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

52.    Plaintiff has complied with all of his obligations under the policy.

53.    Plaintiff is entitled to recover property damage benefits as provided in the policy.

54.    Defendant CSAA has breached its contract of insurance by failing to pay property damage benefits owed to Plaintiff.

55.    As a direct, proximate, and foreseeable result of Defendant CSAA's breach of contract, Plaintiff has suffered damages and Defendant CSAA is liable to pay property damage benefits to Plaintiff to compensate him for the damages as described herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against the Defendant for relief as follows:

1.    Payment of underinsured motorist benefits under the policy;

2.    Economic damages;

3.    Non-economic damages;

4.    All other compensatory damages caused by Defendant's actions, to be proven at trial;

5.    Damages provided by C.R.S. § 10-3-1116:  payment of two times the covered benefit and reasonable attorney fees and court costs;

6.    Pre-judgment and post-judgment interest as provided for by law;

7.    Attorney fees, costs, and expenses of this action as provided for by law; and,

8.    For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

PLAINTIFF DEMANDS A TRIAL BY JURY TO SIX (6) PERSONS ON ALL ISSUES SO TRIABLE.

Respectfully submitted this 7th day of July, 2023.

**BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.**

***(Original signature on file at Burg Simpson
Eldredge Hersh & Jardine, P.C.)***

*/s/ Shane Fulton*
Stephen J. Burg, Reg. # 39789
Shane C. Fulton, Reg. # 52212
40 Inverness Drive East
Englewood, CO 80112
(303) 792-5595
*Attorneys for Plaintiff*